IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD HOEFT,

                Petitioner,                        ORDER

      v.                                                08-cv-537-bbc

JOHN CLARK, Warden,
Flambeau Correctional Center,

                Respondent.

---

Before the court is petitioner Richard Hoeft's motion to reconsider this court's September 15, 2008 order in this habeas corpus action brought pursuant to 28 U.S.C. § 2254. In that order, I found that petitioner's three Fourth Amendment claims were precluded by Stone v. Powell, 428 U.S. 465 (1976) (Fourth Amendment claims not considered on habeas review where state provided petitioner with opportunity for full and fair litigation of the claims). Petitioner points out that the rule announced in Stone does not apply to claims arising under Miranda v. Arizona, 384 U.S. 436 (1966). See Withrow v. Williams, 507 U.S. 680 (1993). Petitioner is correct. His motion will be granted.

In claims one through three of the petition, petitioner asserts that the trial court erroneously denied his motion to suppress his confessions because the police did not give him the proper Miranda warnings, interrogated him for too long a period of time and made

illegal promises and threats. Because these claims allege violations of <u>Miranda</u> and possibly petitioner's due process rights, they are not precluded by <u>Stone</u>. Accordingly, I will reinstate petitioner's first three claims and ask the state to respond within 30 days from the date of this order. In order to allow respondent to submit only one response to the petition, I will extend his deadline for filing a response to claims four through 15 of the petition to within 30 days from the date of this order. The deadlines for filing response or reply briefs will be extended accordingly.

## ORDER

IT IS ORDERED that:

1.  Petitioner's motion for reconsideration is GRANTED. The court's September 15, 2008 order is VACATED to the extent that it dismissed claims one, two and three of the petition.

2.  The state shall file a response to the claims in the petition within 30 days from the date of this order, showing cause, if any, why this writ should not issue.

If the state contends that petitioner's claims are subject to dismissal with prejudice on grounds such as procedural default or the statute of limitations or without prejudice on grounds of failure to exhaust, then it should file a motion to dismiss and all supporting documents within its 30-day deadline. If relevant, the state must address the issue of cause and prejudice in its supporting brief. Petitioner shall have 20 days following service of any

such motion within which to file and serve his responsive brief and any supporting documents.  The state shall have 10 days following service of the response within which to file a reply.

If at this time the state wishes to argue petitioner's claims on their merits, either directly or as a fallback position in conjunction with any motion to dismiss, then within its 30-day deadline the state must file and serve not only its substantive legal response to petitioner's claims, but also all documents, records and transcripts that commemorate the findings of fact or legal conclusions reached by the state courts at any level relevant to petitioner's claims.  The state also must file and serve any additional portions of the record that are material to deciding whether the legal conclusions reached by state courts on these claims was unreasonable in light of the facts presented.  28 U.S.C. § 2254(d)(2).  If the necessary records and transcripts cannot be furnished within 30 days, the state must advise the court when such papers will be filed.  Petitioner shall have 20 days from the service of the state's response within which to file a substantive reply.

If the state chooses to file only a motion to dismiss within its 30-day deadline, it does not waive its right to file a substantive response later, if its motion is denied in whole or in part.  In that situation, the court would set up a new calendar for submissions from both sides.

3. Once the state has filed its answer or other response, petitioner must serve by mail a copy of every letter, brief, exhibit, motion or other submission that he files with this court

upon the assistant attorney general who appears on the state's behalf. The court will not docket or consider any submission that has not been served upon the state. Petitioner should include on each of his submissions a notation indicating that he served a copy of that document upon the state.

4. The federal mailbox rule applies to all submissions in this case.

Entered this 29th day of September, 2008.

                              BY THE COURT:

                              /s/

                              BARBARA B. CRABB
                              District Judge