IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD A. HOEFT,

                Petitioner,                      ORDER

    v.

                                          08-cv-537-bbc

JOHN CLARK, Warden,
Flambeau Correctional Center,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Before the court are petitioner Richard Hoeft's requests for a certificate of appealability and leave to proceed in forma pauperis on appeal from this court's judgment entered May 14, 2009, denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his December 2004 conviction in the Circuit Court for Ashland County on three counts of burglary. Hoeft seeks to pursue on appeal all fifteen claims that he raised in his habeas petition, which included: 1) his interrogation was too long to be voluntary; 2) the police failed to inform him of his rights under Miranda v. Arizona, 384 U.S. 436, 444 (1966), before questioning him; 3) he confessed because the police made promises and threats; 4) his trial attorney failed to prepare for trial; 5) his attorney never met with him; 6) his attorney did not investigate the charges against him; 7) his attorney failed to subpoena

1

witnesses; 8) his attorney failed to read the police reports, which showed several inconsistencies; 9) his attorney did not file any motions to obtain the identities of confidential informants who may have had exculpatory information; 10) his attorney abandoned him because he incorrectly assumed that he was no longer counsel of record; 11) his attorney incorrectly recommended that he plead no contest when there was insufficient evidence to convict him; 12) his attorney recommended that he plead no contest to a count of burglary when the facts did not support a conviction for burglary; 13) his attorney failed to impeach a witness; 14) he is actually innocent; and 15) his attorney recommended that petitioner plead no contest when the only evidence against him was his confession, which was insufficient to convict him.

A certificate of appealability shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000); see also 28 U.S.C. § 2253(c)(2). In order to make this showing, a petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983)). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, "a COA should issue when the prisoner shows, at least, that

2

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Petitioner cannot make the requisite showing.  As the magistrate judge explained in his report and recommendation, petitioner procedurally defaulted his actual innocence claim and most of his ineffective assistance of counsel claims (claims 5 and 10-15) because he failed to properly present them in the state courts.  Petitioner contends that even if he did not properly raise these claims in state court, he is entitled to relief under the actual innocence exception to the procedural default rule.  He alleges that he could not have been found guilty of one count of burglary because the state admitted that his conduct should have been charged as a misdemeanor theft.  He asserts that he is innocent of the other charges against him because his confession was not corroborated by statements from confidential informants or physical evidence found at the crime scenes.  However, in order to avail himself of this exception, petitioner must demonstrate that in light of new evidence, it is more likely than not that a reasonable juror would not find him guilty beyond a reasonable doubt.

Reasonable jurists would not debate the conclusion that petitioner had access to all of the information necessary to raise his defaulted claims on direct appeal.  The record showed that petitioner was aware at the time he pleaded no contest that the prosecutor made a charging error.  Moreover, even if the charging error had been discovered before petitioner entered his

3

plea, the state would have substituted a different burglary charge, and petitioner would have had all of the same incentives to accept the amended offer. Additionally, petitioner's sentences were concurrent on all three counts; therefore, the sentence he actually served would not have changed. Similarly, the "exculpatory" evidence cited by petitioner was not newly discovered because it either was contained in the police reports or came to light prior to petitioner's entry of a plea.

With respect to petitioner's challenges to his confession (claims 1-3), the magistrate judge explained in his report and recommendation that the record fails to show that the police officers acted unlawfully. The record also fails to show that petitioner would have chosen to go to trial if his attorney had not failed to investigate, subpoena witnesses, read the police reports and file motions (claims 4 and 6-9). Given the clear lack of factual support for petitioner's claims, no reasonable jurist would debate that any of the claims should have been resolved in a different manner.

The next question is whether petitioner is entitled to proceed in forma pauperis on appeal, which requires the court to find that petitioner is taking his appeal in good faith. 28 U.S.C. § 1915(a)(3). To find that an appeal is in good faith, a court need find only that a reasonable person could suppose the appeal has some merit. Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). Although this is a less demanding standard than that required for a certificate of appealability, I find that petitioner is unable to meet it. Viewed

4

objectively, the record simply does not support the claims that petitioner is making. Accordingly, his request for leave to proceed in forma pauperis on appeal will be denied. (Because I find that his appeal is not brought in good faith, I need not decide whether petitioner has shown that he is financially unable to pay the appellate filing fee.)

ORDER

IT IS ORDERED that:

1. Pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b), petitioner Richard Hoeft's request for a certificate of appealability is DENIED for the reasons stated above. Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, the defendant may request a circuit judge to issue the certificate.

2. Petitioner's request for leave to proceed in forma pauperis is DENIED because I certify that his appeal is not taken in good faith. If petitioner wishes to appeal this decision, he must follow the procedure set out in Fed. R. App. P. 24(a)(5).

Entered this 3rd of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge